GEORGE CEBULA ET AL., RESPONDENTS, v. IKE LEVIN
AND RUBIN BERMAN, APPELLANTS.

Argued March 7, 1921—Decided June 20, 1921.

In an ordinary case of a suit on a covenant against encumbrances, the covenantee would be entitled at least to a six cent verdict upon proof of the covenant and a breach. However, where defendants gave a deed, subject to a mortgage, the deed reciting that there was a certain amount due, and the grantee conveyed to plaintiffs, who also took an assignment of the claim of such grantee on the covenant, the plaintiffs cannot succeed in a suit based upon the assignment, without showing that the grantee, their assignor, was damnified.

On appeal from the Supreme Court.

For the appellants, *Richard Boardman* and *Louis Adler*.

For the respondents, *Alexander Seclow*.

The opinion of the court was delivered by

SWAYZE, J.   On April 8th, 1918, Levin and Berman, the defendants in this suit, conveyed land to Rutkowsky.   The deed was in the ordinary form of a warranty deed with covenants of seisin, right to convey, for quiet enjoyment, against encumbrances, for further assurance and of warranty. The deed contained also the following clause: "Subject, however, to the operation of a mortgage held by the Greenville United Building and Loan Association, dated July 1st, 1915, originally for $5,720, but which it is represented and agreed has been reduced to $2,933.23, which amount the parties of the second part assume and agree to pay as part of the consideration for this conveyance." Rutkowsky, the grantee in this deed, conveyed by deed dated May 31st, 1919, to George Cebula and others, the present plaintiffs.   This deed contained like covenants, but the special provision read as follows: "Subject, however, to a mortgage held by the

Greenville United Building and Loan Association, recorded in the register's office of the county of Hudson, in Liber 855 of Mortgages, page 210, &c., upon which there is due the sum of $2,500." The Cebulas paid off the mortgage but the amount required to pay it was $3,271.73 instead of $2,933.23 as represented in the deed from Levin and Berman. Thereupon the Cebulas procured from Rutkowsky an assignment of all claims and demands against Levin and Berman and more especially "any claim or right of action which we have against Levin and Berman by reason of the breach of warranty made in deed dated April 8th, 1918,   *   *   * and in which deed the said Levin and Berman recited that the premises were subject to a mortgage for $2,933.23, held by the Greenville United Building and Loan Association, which said warranty was not as represented."

At the trial before the District Court judge, it was proved and the court found from the testimony of the secretary of the building and loan association, that on April 8th, 1918, the amount required to pay off the mortgage was the sum of $3,271.73, although if said mortgage had been paid off in installments according to the terms thereof less would have been required. The court found that the difference was $338.50, denied a motion for a nonsuit and the direction of a verdict, and gave judgment for the plaintiffs for that amount. The question is whether there was any evidence of a valid claim on the part of Rutkowsky against Levin and Berman, which they could assign to the Cebulas. This depends upon the construction of the clause above quoted from the deed of Levin and Berman to Rutkowsky. That there was an encumbrance which would have been a violation of the covenants, unless that violation was prevented by the clause of assumption of the mortgage, is plain. There was an encumbrance on the property and this constituted, technically at least, a breach of the covenant against encumbrances. This covenant was broken as soon as made. *Carter* v. *Denman.* 23 *N. J. L.* 260. Whether the special clause as to the assumption of the mortgage amounts to a release of liability for what would otherwise be a breach of this cove-

nant is uncertain. It depends upon whether the $2,933.23 is the full amount required to be paid to cancel the mortgage. Apparently that depends upon a contingency. As we understand it, if the mortgage was allowed to be paid off in installments, we suppose in accordance with the ordinary terms of a building and loan mortgage, the $2,933.23 might suffice, although there is no finding to that effect. If, however, the mortgage was to be paid off at once more money would be required. At any rate, the method of payment of the mortgage, whether in full at once, or by installments over a period of years, was left to the option of the grantee in the deed. The Rutkowskys apparently had elected not to pay it at once, for when they conveyed to the Cebulas they stated that the amount of the mortgage was $2,500. In the absence of a finding that the Rutkowskys had done anything to finally determine the amount to be paid on the mortgage to secure cancellation, we cannot say that there is any proof that they were damaged. There is nothing to show that they sold the property to the Cebulas for less than they would have sold it but for the representation complained of. In the absence of proof of loss by Rutkowskys there is no proof that they had anything to assign to the Cebulas. The case is different from the ordinary case of a suit on a covenant against encumbrances. In such a case upon proof of the covenant and the breach, the covenantee would be entitled at least to a six cent verdict and the exception to the refusal to nonsuit would not avail the plaintiffs, but in this present case, *prima facie* there is no liability growing out of the mortgage subject to which the conveyance to the Rutkowskys was made, and hence proof of damage is necessary to warrant a recovery. The Cebulas rely upon the assignment from the Rutkowskys and it must be proved that the Rutkowskys had something to assign. This would require a nonsuit unless the plaintiffs can prove that the Rutkowskys were damnified. This makes it necessary to reverse the judgment and remit the record in order that there may be a new trial. The reversal is without costs.

*For affirmance*—THE CHANCELLOR, KATZENBACH, WHITE, WILLIAMS, GARDNER, JJ.   5.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, BLACK, HEPPENHEIMER, JJ.   6.